**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE LOPEZ RAMIREZ, | No. 21-55036 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04126-DDP-AFM |
| v. | |
| CITY OF GLENDALE, a municipal corporation; AARON ZEIGLER, Police Officer; ISABEL RIVAS, Corrections Officer; CARL POVILAITIS, Chief of Police; DOES, 1 through 20, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 8, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Plaintiff George Lopez Ramirez sued Defendants City of Glendale, Aaron

Zeigler, Isabel Rivas, Carl Povilaitis, and Does 1 through 20 under 42 U.S.C. § 1983,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging false arrest in violation of the Fourth Amendment and unlawful imprisonment in violation of the Fourteenth Amendment.[1] The district court granted summary judgment in favor of Defendants on both claims. On appeal, Plaintiff asserts that 1) the district court improperly resolved material factual disputes regarding whether there was probable cause for his arrest, and 2) there is a material factual dispute as to whether his post-arrest detention violated the Fourteenth Amendment.

We review a district court's grant of summary judgment de novo. *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019). In doing so, we "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (cleaned up). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1. *Probable cause for arrest.*** The district court did not improperly resolve a factual dispute in concluding that Defendant Zeigler had probable cause to arrest Plaintiff for domestic battery. "Probable cause exists 'when the facts and circumstances within [an officer's] knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime.'" *Reed v.*

---

[1]Plaintiff also alleged failure to train under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), but he does not bring that claim on appeal.

2

*Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011)). This is an "an objective standard[,] and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes." *United States v. Struckman*, 603 F.3d 731, 740 (9th Cir. 2010) (citation omitted).

In California, "any willful and unlawful use of force or violence upon the person of another" is battery. Cal. Penal Code § 242. The Penal Code separately punishes battery committed against a person "with whom the defendant currently has . . . a dating or engagement relationship." *Id.* § 243(e)(1). Here, Plaintiff does not dispute that Medina reported to the police that a man was "pushing" her. He also does not dispute that he told Defendant Zeigler that he was in a relationship with Medina and that he had "grabbed" her arms. Therefore, under the totality of the circumstances known to Defendant Zeigler at the time of the arrest, the *undisputed* facts establish probable cause for Plaintiff's arrest for domestic battery.

Because there was probable cause to arrest Plaintiff for domestic battery, we need not address whether there was also probable cause to arrest him for the outstanding warrant. *See United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016) ("[I]f the facts support probable cause to arrest for one offense, the arrest is lawful even if the officer invoked, as the basis for the arrest, a different offense as

3

to which probable cause was lacking."). Nor need we address whether the officers are entitled to qualified immunity.

**2. *Post-arrest detention*.** The district court did not err in granting summary judgment to Defendants on Plaintiff's Fourteenth Amendment claim. Detention on a mistaken warrant may violate due process if "the circumstances indicated to the defendants that further investigation was warranted." *Garcia v. County of Riverside*, 817 F.3d 635, 640 (9th Cir. 2016) (citation omitted). However, probable cause for an arrest defeats any subsequent claim for unlawful imprisonment under § 1983. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). Because Defendant Zeigler had probable cause to arrest Plaintiff for domestic battery, his Fourteenth Amendment claim fails as a matter of law. Although Plaintiff seems to assert that he was detained only for the outstanding warrant, there is no genuine dispute that he was arrested and detained for both the outstanding warrant *and* domestic battery.

**AFFIRMED.**